IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | Case No. 25-41641-mxm | |
| Bradford Thomas Schafer, § | Chapter 13 | |
| § | | |
| Debtor § | | |

| | | |
|---|---|---|
| SABERT CORPORATION, § | | |
| Plaintiff § | | |
| vs. § | Adversary Proceeding No. | |
| § | _____ | |
| BRADFORD THOMAS SCHAFER, § | | |
| Defendant | | |

COMPLAINT TO DETERMINE DISCHARGEABILITY
UNDER SECTIONS 523(a)(2)(A) and 523(6)

TO THE HONORABLE JUDGE OF THE COURT:

Sabert Corporation ("Plaintiff") files this Complaint to Determine Dischargeability under Sections 523(a)(2)(A) and 523(a)(6) against Bradford Thomas Schafer ("Defendant"), the Debtor herein, and in support thereof would show unto the Court the following:

Jurisdiction

1.This adversary proceeding is one arising out of Case No. 25-41641-mxm, Chapter 13, now pending in this Court.

2.The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 1334 and 11 U.S.C. Section 523(a)(2)(A) and 523(a)(6). This is a core proceeding under 28 U.S.C. Section 157.

3. Plaintiff is a company doing business in the State of Texas. Service of all papers or documents upon Plaintiff may be made by mailing or transmitting by facsimile a copy of all papers and documents to counsel for Plaintiff, Robert L. Eden, at the following address:

> Matthews, Shiels, Knott, Eden, Davis & Beanland, L.L.P.
> 8131 LBJ Freeway, Suite 700
> Dallas, Texas 75251

4. Defendant Bradford Thomas Schafer is a resident of the State of Texas and may be served by and through his counsel of record, Marcus B. Leinart, LEINART LAW FIRM, 10670 N. Central Expressway, Suite 320, Dallas, Texas 75231.

## FACTUAL BACKGROUND

5. Plaintiff and Defendant entered into a contract pursuant to which Plaintiff would pay Defendant and Defendant would deliver and install a building on Plaintiff's project. Plaintiff paid Defendant a down payment of $51,408.00. Thereafter, Defendant failed and refused to deliver and install the building despite admitting that he had the building and was able to deliver it to Plaintiff if he chose to do so. Defendant damaged Plaintiff by knowingly or intentionally misrepresenting to Plaintiff, or withholding from Plaintiff, information regarding Defendant's intention that Defendant would keep the down payment paid to Defendant while failing and refusing to provide the building as agreed, upon which misrepresentations Plaintiff relied to its detriment and damages in the amount of $51,408.00.

## CAUSES OF ACTION

Breach of Contract

6. Plaintiff fully performed its obligations pursuant to the agreement with Defendant, and all conditions precedent to its right of Defendant's performance under the contract were met. Despite Plaintiff's performance of their obligations under the agreement, Defendant failed to honor

his obligations thereunder. As a result, Defendant committed contractual breaches for which Plaintiff is entitled to recover damages in an amount in excess of the minimum jurisdictional limits of the Court.

7. As a result of the breach of contract by Defendant, Plaintiff found it necessary to employ the services of the undersigned counsel to bring suit to recover damages caused by such breach. Plaintiff made written demand on Defendant, which may be a prerequisite to the recovery of its reasonable attorneys' fees in connection with this matter and although more than thirty days have expired since said claim was presented, Defendant has not paid or satisfied the claim. Accordingly, Plaintiff also seeks recovery of any such fees incurred, including fees incurred in connection with any appeals pursuant to Section 38.001, *et seq*. of the Texas Civil Practice and Remedies Code.

Common Law Fraud and Deceit

8. Defendant damaged Plaintiff by knowingly or intentionally misrepresenting to Plaintiff, or withholding from Plaintiff, information regarding Defendant's intention to provide the building as agreed. Defendant's representations were false. Defendant made the false representations to induce Plaintiff to pay Defendant the down payment, with the intent that Defendant would convert or steal from Plaintiff as above described.

9. Plaintiff had a right to rely on Defendant's misrepresentations, not knowing that they were false, and did in fact believe and rely upon them in entering into a contractual relationship with Defendant.

10. As the conduct of Defendant, as above described, was fraudulent and committed with malicious intent, exemplary damages should be imposed on Defendant in an amount within the jurisdictional limits of the Court.

Negligent Misrepresentation

11. Alternatively, Defendant, in the course of business, without exercising reasonable care, made false representations to Plaintiff that were supplied to guide Plaintiff with regard to the contract and on which Plaintiff reasonably and justifiably relied to its pecuniary detriment. As a result of the actions of Defendant, Plaintiff is entitled to recover damages in an amount in excess of the minimum jurisdictional limits of the Court.

Negligence

12. Defendant owed Plaintiff a duty to perform their contract and work with care, skill, reasonable expedience and faithfulness. Defendant breached its duty to Plaintiff by committing, among others, the following acts:

    (a)    negligent refusal to perform under the contract; and

    (b)    negligent refusal to return the down payment.

Each of the foregoing acts, among others, constituted negligence, which directly and proximately caused the Plaintiff to suffer actual, incidental, and consequential damages in excess of the minimum jurisdictional limits of this Court.

## DAMAGES

13. As a result of the acts and omissions of Defendant as above described, Plaintiff seeks any and all damages suffered by it whatsoever, including, but not limited to, actual, punitive, exemplary, and statutory damages, available and recoverable under statute and common law resulting from the actions of Defendant. As of this date, Plaintiff suffered the following damages:

    a.    The value of the down payment paid to Defendant in the amount of $51,408.00;

    b.    Punitive, additional, statutory and exemplary damages of the maximum amount as above set forth and provided by law;

c. Attorney's fees, in that Defendant's defaults, acts and omissions have made it necessary for Plaintiff to engage the services of the undersigned attorney and to agree to pay that attorney reasonable fees for his services expended and to be expended in the prosecution of Plaintiff's claims through the trial court and in all levels of the appellate process, as Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Section 38.001, *et seq.* of the Texas Civil Practice & Remedies Code;

d. Pre judgment and post judgment interest as provided by law; and

e. All costs of court to which Plaintiff is entitled to recover under the law.

Non-Dischargeability of Debt

14. 11 U.S.C. Section 523(a)(2)(A) provides that an individual debtor is not entitled to a discharge from a debt in bankruptcy to the extent the debt is obtained by false pretenses, a false representation, or actual fraud. Further, 11 U.S.C. § 523 (a)(6) provides that an individual debtor is not entitled to a discharge from a debt in bankruptcy where there was a willful and malicious injury by the debtor to another entity or to the property of another entity. Defendant obtained money by false pretenses, false representations and committed actual fraud. As a result of Defendant's fraudulent acts, Defendant owes Plaintiff a debt of at least $51,408.00. Therefore, Defendant should not be granted a discharge of the debt owed to Plaintiff in the amount of $51,408.00, plus exemplary damages, attorneys' fees, costs, prejudgment and post-judgment interest, and all other relief to which Plaintiff is justly entitled.

WHEREFORE, Plaintiff Sabert Corporation requests that the Court determine the obligation of Bradford Thomas Schafer nondischargeable under 11 U.S.C. Sections 523 (a)(2)(A) and 523 (a)(6); that judgment be entered against Bradford Thomas Schafer in the sum of $51,408.00, plus

exemplary damages, attorneys' fees, costs, prejudgment and post-judgment interest, and all other relief to which Plaintiff Sabert Corporation is justly entitled.

> Respectfully submitted,
>
> MATTHEWS, SHIELS, KNOTT,
> EDEN, DAVIS & BEANLAND, L.L.P.
>
> By:   */s/ Robert L. Eden*
>     Robert L. Eden
>     State Bar No. 06384710
>
> 8131 LBJ Freeway, Suite 700
> Dallas, Texas 75251
> (972) 234-3400 Telephone
> (972) 234-1750 Telecopier
> reden@mssattorneys.com
>
> ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A true and correct copy of the Adversary Proceeding Cover Sheet and Adversary Proceeding Complaint have been served on all interested parties, including Debtor, the Debtor's attorney and the Trustee via the Court's Electronic Case Filing (ECF) system in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Northern District of Texas.

>   */s/ Robert L. Eden*
> Robert L. Eden